IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROBERT JAY DAVIS, :
:
        Plaintiff. :
:
VS. :
:
CITY OF FORT VALLEY, *et al.*, :
: NO. 5:14-CV-116 (CAR)
        Defendants. :
: **O R D E R**

    Plaintiff **ROBERT JAY DAVIS**, an inmate at Autry State Prison ("ASP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He has also submitted a motion to proceed *in forma pauperis* ("IFP") (Doc. 2).

    Plaintiff complains about two incidents in which he was forced to submit to fingerprinting. On January 24, 2014, Defendant Peach County Deputy Smith and Peach County Jail Officer Wallace (not named as a Defendant) arrived at ASP to fingerprint and book Plaintiff on charges for which he allegedly had just been to trial. Because the Peach County officials allegedly had no court order or warrant, Plaintiff refused to submit to the fingerprinting. Defendant ASP Deputy Warden Jefferson was then called, who directed four cert team officers to force Plaintiff "to give up my fingerprints without a court order or warrant violating my 4th Amendment [rights]."

    Plaintiff alleges that on February 3, 2014, Defendants ASP Cert Officer Cox and ASP Officer Foster took Plaintiff to the Mitchell County Justice Center Jail. There, Defendants Smith

1

and Peach County Jail Officer Cottle were waiting to fingerprint Plaintiff again because they allegedly wished to "'backdate' the date on my fingerprint card."  Upon learning that Defendants Smith and Cottle had no court order or warrant, Plaintiff refused to be fingerprinted.  Secured in legcuffs, a belly chain, and handcuffs, Plaintiff was allegedly dragged into the booking area by Defendants Cox and Smith, where Defendant Cottle "tr[i]ed to br[eak] my fingers to fingerprint me, while I was in restraints."  Plaintiff states that he was then assaulted, by being "'chocked' out twice" by Defendant Smith.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998).  Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g).  ***Medberry v. Butler***, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed several lawsuits in the Middle District of Georgia, three of which have been dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1]  As

---

[1] *See Davis v. Phillips*, 5:13-cv-328 (MTT) (M.D. Ga. Sept. 18, 2013); ***Davis v. Liipfert***, 5:13-cv-107 (CAR) (M.D. Ga. Apr. 17, 2013); and ***Davis v. Woody***, 5:13-cv-495 (MTT) (M.D. Ga. Jan. 3, 2013).

Plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).

The events about which Plaintiff complains are unfortunate but may not have involved cruel and unusual punishment prohibited by the Eighth Amendment.  Indeed, Plaintiff complains more extensively about the violation of his Fourth Amendment rights (which clearly do not satisfy the "imminent danger" standard) than about the violation of his Eighth Amendment rights.  Even if Plaintiff had alleged a valid Eighth Amendment claim, he has not satisfied the "imminent danger" requirement for proceeding IFP.  There is no suggestion that Plaintiff remained in "imminent danger of serious physical injury" at the time he filed this lawsuit on March 18, 2014.  As noted above, the imminent danger standard requires that Plaintiff be under a present, not a past, danger.  The fingerprinting incidents about which Plaintiff complains appear to be isolated and there is no indication that they will recur.

Based on the foregoing, Plaintiff's request to proceed IFP is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**.2  If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $400.00 filing fee.  As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

---

2   Accompanying Plaintiff's complaint is a "Motion for Temporary Restraining Order," in which he asks to be transferred to a safer prison (Doc. 3).    Plaintiff's motion is **DENIED**, both because it is moot and because Plaintiff fails to allege the prerequisites for obtaining such relief.

An independent reason for dismissing Plaintiff's case is his failure truthfully to complete this Court's complaint form. Item (I)(C) of the form asks whether any lawsuit in which Plaintiff was allowed to proceed *in forma pauperis* was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. In response to such question, Plaintiff checked "no" and left blank the subsequent item seeking specific information about any such dismissals.

Because Plaintiff knowingly provided false information to this Court, his complaint is properly subject to dismissal for "abuse of the judicial process." *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his *pro se* section 1983 action); *see also, e.g., Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (holding that dismissal as sanction for providing false information on complaint form concerning prior filing history was not an abuse of discretion); *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (same); *Young v. Secretary Fla. for Dept. of Corr.*, 380 F. App'x 939 (11th Cir. 2010) (same); *Copeland v. Morales*, 2011 WL 7097642, *4 (S.D. Ga. Dec. 19, 2011) (dismissing action for providing false information about prior filing history).

**SO ORDERED**, this 3rd day of April, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr

4